UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO. 3:06CV-592-EHJ

ANN TRESINE HOWARD                                                                    PLAINTIFF

VS.

MICHAEL J. ASTRUE,
Commissioner of Social Security                                                       DEFENDANT

## MEMORANDUM OPINION

Before the Court is the complaint of Ann Tresine Howard ("Plaintiff" or "Claimant") seeking judicial review of the final decision of the Commissioner pursuant to 42 U.S.C. §405(g). After examining the administrative record ("Tr."), the arguments of the parties, and the applicable authorities, the Court is of the opinion that the decision of the Commissioner should be affirmed.

## PROCEDURAL HISTORY

On August 30, 2004, Claimant filed application for Disability Insurance Benefits alleging that she became disabled as of June 24, 2004. After a hearing, Administrative Law Judge John Lawrence ("ALJ") determined that plaintiff's bulging lumbar discs and multi-level degenerative disc disease were severe impairments, but they did not prevent her from performing her past relevant work as a receptionist and production control clerk. This became the final decision of the defendant Commissioner when the Appeals Council denied review on September 23, 2006.

## STANDARD OF REVIEW

The task of this Court on appellate review is to determine whether the administrative proceedings were flawed by any error of law, and to determine whether substantial evidence supports the factual determinations of the ALJ. Elam v. Commissioner, 348 F.3d 124 (6th Cir. 2003). "Substantial evidence" exists if there is sufficient evidence from which reasonable minds could

arrive at the challenged conclusion. NLRB v. Columbian Enameling and Stamping Co., 306 U.S. 292 (1939); Foster v. Bowen, 853 F.2d 483 (6th Cir. 1988). If the proceedings are without reversible error and if substantial evidence exists to support the challenged conclusions, this Court must affirm, regardless of whether the undersigned would have found the facts differently.

## ARGUMENTS ON THIS APPEAL

Plaintiff contends that the ALJ erred in failing to accord the proper weight to her treating physician's opinion. It has long been established that the special nature of the treating physician relationship calls for special weight to be given to that physician's opinion. In Wilson v. Commissioner, 378 F.3d 541 (6th Cir. 2004), the court confirmed the weight ordinarily due the opinion of a treating physician. Wilson also underlined the fact that the courts are bound to hold the Commissioner to the requirements of 20 C.F.R. Section 404.1527(d)(2), which calls for the ALJ to state clear reasons for rejecting or for limiting the weight given the opinion of a treating physician. See also Soc.Sec.Rul. 96-2p.

A treating physician's opinion, if uncontradicted, should be given complete deference. See, e.g., Walker v. Secretary of Health & Human Servs., 980 F.2d 1066, 1070 (6th Cir.1992). A treating physician's opinion is entitled to more weight if Commissioner finds "that a treating source's opinion on the issue(s) of the nature and severity of your impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." 20 C.F.R. S 404.1527(d)(2)(1999). In other words, the opinion of a treating physician need not be given controlling weight unless supported by clinical or diagnostic findings. See Walters v. Commissioner of Social Security, 127 F.3d 525, 530 (6th Cir.1997); Bogle v. Sullivan, 998 F.2d 342, 347 (6th Cir.1993); Kirk v. Heckler, 742 F.2d 968, 973

(6th Cir.1984). However, "in all cases there remains a presumption, albeit a rebuttable one, that the opinion of a treating physician is entitled to great deference," even if that opinion does not qualify for *controlling* weight. Rogers v. Commissioner of Social Security, 486 F.3d 234, 242 (6th Cir. 2007). A treating physician's opinion regarding disability is not conclusive. See Landsaw v. Secretary of Health and Human Servs., 803 F.2d 211, 213 (6th Cir.1986). The finding of disability is made by the Commissioner, not by a physician. 20 C.F.R. Sec. 404.1527(e)(2).

In June of 2003, Ms. Howard began complaining to Dr. George regarding low back pain. He referred her for an MRI (performed June 10, 2003), which revealed "minimal broad-based bulging and facet arthropathy at L4-L5 with moderate spinal stenosis," and "Disc degenerative changes at all levels." Tr. 183. On August 19, 2003, Dr. George noted that "her back pain has completely resolved following a series of three lumbar epidural injections. She states she is working without difficulty." Tr. 170. On June 29, 2004, she complained of increased back pain, and Dr. George opined that "disability is [in] order consider[ing] the degree of her lumbar spinal stenosis and have advised her accordingly." Tr. 169. On August 27, 2004, she complained of continued back pain and bilateral lower extremity pain, stating that the epidural injections were ineffective this time. Dr. George recorded, "I have advised no work for 30 days and to return in 30 days for reassessment and possibly to discuss surgical intervention." Tr. 168. On October 28, 2004, he noted that she continued to reject the surgical option, and he recorded, "Patient advised no work for 30 days." Tr. 167.

On November 28, 2005, Dr. George opined that claimant could sit for a total of three hours in an eight hour day, and could stand and walk one hour each. He attributed her limitations to lumbar spinal stenosis. Tr. 199-201. The ALJ considered Dr. George's opinion, but rejected it

because "it is not supported by any findings and further is inconsistent with" the report of Dr. Montgomery, a specialist who examined the patient at the request of the Commissioner. Tr. 21.

While the Court agrees that this is a more barebones justification than is normally sufficient to warrant outright rejection of a treating physician's opinion, the particular circumstances of this case suggest that it is sufficient. The diagnosis of lumbar stenosis is established by the MRI, but that diagnosis is not in issue. What matters is that Ms. Howard's previous work was sedentary; thus, the critical question is whether her lumbar spinal stenosis prevents her from sitting six hours out of an eight hour day. Dr. George opines on precisely this question, but examination of his office notes fails to reveal any tests or clinical findings that would support that opinion. Instead, he appears to rely solely on her subjective complaint that sitting exacerbates her pain. Responsibility for evaluation of the credibility of subjective complaints lies with the ALJ, not with the physician. In addition, Dr. Montgomery's examination provided objective information not seen in Dr. George's notes: Negative straight leg raising, lumbar spine flexion to approximately 85 degrees with some pain, but without radiation, altered station and gait suggesting that she might have difficulty with standing or walking or stair climbing for extended periods of time. Tr. 130. The Court finds no error in the ALJ's treatment of Dr. George's opinion.

Ms .Howard also argues that the ALJ erred in his evaluation of the credibility of her testimony regarding her symptoms. The ALJ found that her impairments could reasonably be expected to produce the symptoms claimed, but he also found her testimony regarding their intensity, duration and functional limitations not entirely credible. Tr. 21.

While pain may support a claim of disability, the claimant's subjective assertions are not sufficient. 20 C.F.R. Sec. 404.1529(a), King v. Heckler, 742 F.2d 968, 974 (6th Cir. 1984). If there

is objective medical evidence of an underlying medical condition, the ALJ is required to determine whether objective medical evidence confirms the severity of the alleged pain, or whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain. Stanley v. Secretary, 39 F.3d 115, 117 (6th Cir. 1994), Felisky v. Bowen, 35 F.3d 1027 (6th Cir. 1994), Jones v. Secretary, 945 F.2d 1365, 1369 (6th Cir. 1991); Duncan v. Secretary, 801 F.2d 847, 853 (6th Cir. 1986). The ALJ may consider muscle spasms, atrophy, reflex abnormalities, neurological deficits, loss of sensation, household and social activities as well as the type of medication used to alleviate the pain. 20 C.F.R. 416.929©)(3); Jones, supra, at 1370; Blacha v. Secretary, 927 F.2d 228, 231 (6th Cir. 1990).

A significant consideration in the evaluation of pain is the credibility of the claimant, given that tolerance of pain is very much an individual matter. Villareal v. Secretary, 818 F.2d 461, 463 (6th Cir. 1987). "Determination of credibility related to subjective complaints of pain rests with the ALJ and the ALJ's opportunity to observe the demeanor of the claimant ... is invaluable and should not be discarded lightly." Gaffney v. Bowen, 825 F.2d 98, 101 (6th Cir. 1987). "[A]n ALJ's findings based on the credibility of the applicant are to be accorded great weight and deference, particularly since an ALJ is *charged with the duty of observing a witness's demeanor and credibility*." Walters v. Commissioner, 127 F.3d 525, 531 (6th Cir. 1997) [emphasis added] .

An "ALJ may distrust a claimant's allegations of disabling symptomatology if the subjective allegations, the ALJ's personal observations, and the objective medical evidence contradict each other." Moon v. Sullivan, 923 F.2d 1175, 1183 (6th Cir. 1990). "Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among the medical reports, claimant's testimony, and other evidence." Walters v. Commissioner, 127 F.3d 525, 532 (6th Cir. 1997).

5

Nonetheless, the ALJ's credibility assessment must be supported by substantial evidence. <u>Walters v. Commissioner</u>, 127 F.3d 525 (6th Cir. 1997).  Furthermore, if the ALJ rejects the claimant's testimony as not credible, he or she must state reasons for doing so.  <u>Auer v. Secretary</u>, 830 F.2d 594, 595 (6th Cir. 1987).  In this case, the ALJ noted that plaintiff is maintained on moderate doses of analgesic without side effects, and she has declined surgical intervention. The ALJ also noted that Ms. Howard's reported driving trip to St. Louis and flight to Florida, as well as her regular church attendance, driving, and dining out, are all inconsistent with her claim that she cannot sit for more than fifteen to twenty minutes at a time.  The Court perceives no error.

An order in conformity has this day entered.